EDWARDS, Judge.
These consolidated cases involve an automobile collision which occurred in Tangipa-hoa Parish on April 20, 1977, during a light rain. One car, owned by Aneice Vaughn and driven by Willie Tyler, carrying as passengers Aneice Vaughn, Rhonda Vaughn and two others, was struck by the other car, owned by William Ross and driven by Michael J. Ross.
Aneice and Rhonda Vaughn brought suit against William Ross, Michael J. Ross and the Liberty Mutual Insurance Company. *629 Aneice, by amended and supplemental petition, sought $2,000 in property damage, $12,000 in medical expenses and $120,000 in general damages for personal injuries. Rhonda sought $300 in medical expenses and $25,000 for personal injuries. Defendants answered with a denial and named Willie Tyler a third party defendant.
In a separate suit, later consolidated with the first, Liberty Mutual Insurance Company, as partial subrogee to the rights of William Ross, and William Ross sued Willie Tyler and Aneice Vaughn. Liberty Mutual sought $1,036.49 and Ross claimed $100, all for property damage to Ross’ car. In the second suit, Vaughn answered with a denial and Tyler was dismissed as a defendant when a declinatory exception of insufficiency of service of process filed on his behalf was maintained.
At trial, testimony elicited showed that the accident occurred on Louisiana Highway 1040, Old Baton Rouge Highway, in an area west of Hammond in the vicinity of Nell’s Cafe. The Vaughn car pulled out of Calvary Street and headed east on Hwy. 1040, a two-lane road. Ross’ car was also headed east on Hwy. 1040, but was somewhat behind the Vaughn automobile. When the Vaughn car began turning left, into the driveway of one Mrs. Johnson, Ross attempted to pass it by using the oncoming traffic, or left-hand, lane. The collision ensued with the front of Ross’ car striking the left front part of the Vaughn car.
Michael Ross’ version of the accident was that when the Vaughn car pulled onto Hwy. 1040, he, Ross, was only twenty-five to thirty-five yards distant and was traveling at a speed of between thirty-five and forty miles per hour in a fifty mile per hour zone. Ross further testified that to avoid a certain broadside collision, he honked his horn and pulled left to pass, but that within seconds the Vaughn car turned left and the collision occurred.
Aneice Vaughn, Rhonda Vaughn and Margaret Ann Vaughn, a third passenger in the Vaughn car, all testified that they heard a screeching of tires or brakes just before their car was struck. Rhonda Vaughn, a front seat passenger, testified, in direct contradiction to Ross, that Tyler had switched on his “blinkers” prior to turning left.
No reasons for judgment were provided by the trial judge. Evidently he evaluated the evidence and concluded that the accident had been caused by Michael Ross’ negligence.
Judgment was signed in favor of Aneice Vaughn and against Liberty Mutual Insurance Company, William Ross and Michael J. Ross in solido for $4,668.97 in special damages, $12,500 in general damages, interest and costs.
Judgment in Rhonda Vaughn’s favor and against the same defendants was for $500.
The suit of Liberty Mutual and William Ross against Aneice Vaughn was dismissed at plaintiff’s costs.
All parties have appealed.
Aneice and Rhonda Vaughn seek greater awards. Michael J. Ross, William Ross and Liberty Mutual seek a reversal on the issue of liability or, alternatively, a reduction in the judgment.
A review of the facts supports the trial court’s finding of negligence on the part of Michael J. Ross. We find no manifest error.
There was some conflicting testimony in the area of damages. Nevertheless, while somewhat high, the award remains, within the trial court’s “much discretion” and is not an abuse. LSA-C.C. Art. 1934.
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by William Ross, Michael J. Ross and Liberty Mutual Insurance Company.
AFFIRMED.
LOTTINGER, J., dissents for reasons assigned by PONDER, J.
PONDER, J., dissents and assigns reasons.